Judge Owsley
delivered the opinion of the court.
This is an appeal from a decree rendered in favor of the appellees, compelling the appellants to surrender their elder title, derived under an adverse claim.
The appellees, who were complainants in the court below, asserted their superior equity under the following eni try:—
“17tA December, 1782. John Holder and Mathew Wal“ton enter 213S acres of land on two treasury warrants, &c. “on the waters of Licking creek, beginning at the rocky “ford, and to extend along the salt spring trace towards “Stoner’s fork, thence eastwardly, thence southwardly for “quantity.”
This entry was surveyed and carried into grant in the name of Holder and Walton; but as the appellees are thrown upon the proof of their right, it becomes proper, before we notice the validity of the entry! to enquire into their deduction of title.
There is no room to doubt, but that the appellees, Holder, Trimble, Bledsoe and Combs, have shewn themselves invested with Holder’s interest. For, although a deed, purporting to convey to Gilbert Imlay their claim, is exhibited in the record, yet as Greenup, by whom it was executed for Holder, is not proven to have been authorised by him to convey, the title must be supposed to have continued in Holder; and, as upon bis decease it descended upon his heirs, under the laws of this country it became liable to sale for the payment of their debts.
Holder, Trimble, Bledsoe and Combs, therefore, as they have shew» regular conveyances from Grigsby, who is proven to have purchased and obtained a regular conveyance *279 from the sheriff, by whom the land was sold under a fieri facias, to satisfy a decree against the heirs, they must have become clothed with the title of Holder’s moiety of the land.
As a notary Uw to recocí a power of at - copy'of such power ceni-
⅛7° tion^f death seven ,eal’s S,b'!encemmt be from the ;ounirv of As a deed under real a tlt!a Ü10 not re* ?°ta makea deed* must be derseal, bui recorded.1 be
*279 The deed, however, although not sufficient to pass the title from Holder, as it appears to baVe been executed by the other patentee, it no doubt conveyed to Imlay the title of Walton.
It must be through Imlay, therefore, that Hardwick, the other appellee, if he has any right, should deduce his title; and for that purpose he has exhibited a deed purporting to have béen givén to him in 1811 by Sebastian, as the agent of Imlay.
But it is contended that the deed is insufficient to pass the title to Hardwick; 1st. Because the title had been previously conveyed to Henry Banks, under a power also given by Imlay to Henry Lee; and 2d. Because, in consequence of Imlay having absented himself for more than Seven years after giving the power to Sebastian, he should be presumed dead when the deed to Hardwick was made by Sebastian; and 3dlv. Because the power of attorney to Sebastian was not recorded in the proper office appointed for recording such instruments.
With respect to the first objection, it need only be rc-marked, that no legitimate evidence was produced to prove a power of attorney to have been given by Imlay to Lee. A copy taken from the records of the clerk’s office of this court, and purporting to be a copy 0/ a copy of a power °f attorney, certified by a notary public in the state of Yirgi-nia, to have been recorded in his office, was, it is true, introduced; but as by the laws of this state, a notary public is not required to record the powers attested by him, if liable to no other objection, the court below properly rejected the copy.
And as to the second objection, although, under the act of January, 1798; (2 Littell, 28,) persons absenting selves, beyond sea or elsewhere, for seven years successively, are to be presumed dead; yet as Imlay has not been proven tó have so absented himself from the country of his residence, his death ought not, in the present contest, to be presumed. (
if then the power of Sebastian was not revoked, Hard-Wick no doubt, under the deed of 1811, must have become clothed with the till* of Walton’s moietv of the land. *280 though as deeds of conveyance must be under seal, it ⅛ necessarJ the power under which they may be executed should be sealed also; yet as the title will pass without the deed being recorded, a failure to record the power cannot Possibly preclude the alienee from gaining through the deed vendor’s title.
A p of ato. if not ed, should be jccted ti'; if not objected to,it must be have'111 been proved, o-the.oiijeetion
t jects °found on the ground with those the^entr*1' ⅛ k ve y per-suasiye meat m .aver
Unless recorded, the power to Sebastian, if it had been objected to, ought not, without proof of its execution, to have been used as evidence, but as no objections appear to been taken to its introduction in the court below, this court must presume that the execution of the power was either regularly proven, or that the introduction oí suco proof was waived by the appellants.
Assuming, then, that the appellees have shewn a regular deduction of title from the patentees, it results that as tenants in common, holding a community of interest under £he titles so deduced, they must have properly united in bringing the present suit, for the purpose of investigating the validity of Holder’s and Walton’s entry,
Atvith respect to the entry, it is impossible a reason-a^e ^ouhi can be entertained; for there is not only shewn to exist a perfect aptitude between the objects delineated on the connected plat, and those called for in the entry, but the rocky ford called for as the beginning, is moreover proven to have obtained, at the date of the entry, great and notoriety.
Bu(- actinittin^ the entry to be good, it is still contended that the apppellants have shewn a superior right under the adverse claim of Moses Thomas, assignee of William Cradlebaugh.
In December, 1779, Moses Thomas as assignee, &c. obtained from the court of commissioners a certificate fpr a settlement and pre-emption, &c.
“Lying on Stoner’s fork of Licking, at the mouth of a “creek called Wdlf -creek, a branch of Licking, by the said “Cradlebaugh improving the same, and raising a crop of “corn in the country, &c.”
in January 1780, Thomas entered the settlement with the surveyor as follows: “Moses Thomas, assignee &c. enters 400 acres, by virtue of a certificate, lying on Stoner’s fork near the mouth of a creek called Wolf creek, a branch of Licking, to include said Cracllebaugh’s improvement.”
And in 1783, entered the pre-emption of 1000 acres on the south' fork cf Licking creek, and in the forks of the *281 Same where the rocky ford, formerly called Wolf creek, empties into the same, joining his settlement above on the two upper sides. '
In the ab-lfe-⅛ pre-emption* notoriety ⅛ m'iispensib.e
If. ™”™!! adverse possession will nrote^t f possession must be of the land ia conies ti
Bibb for appellants, Hardin for appellees.
The appellants hold under the latter of these entries; and as it is junior in date to that of Holder and they cannot succeed but upon the ground of its pre-emp-live dignity.
But on that ground we are of opinion they have totally failed to manifest the superior equity. For the certificate of Thomas is not only defective in pointing out with the requisite precision and certainty, the improvement of Cra-dlebaugh, but the evidence taken in the cause is also clear-insufficient to shew that the improvement possessed such.a degree of notoriety as, in the absence of proper description, can communicate to the appellants claim any preemptive dignity.
But it is moreover contended, that in consequence of the length of time the appellants, and those through whom they claim, have been possessed of the land in contest, they ought not to be compelled to surrender their elder title.
To this objection it need, however, be only remarked, that if, as was urged in argument, twenty years adverse possession would prevent the interposition of a court of equity, under the circumstances detailed in evidence, the appellants cannot, upon that ground,-be protected.
For although some of the witnesses speak of one of the defendants m the court below having been m possession of the land claimed by him for more than twenty years, there is no evidence conducing to shew that either of the appellants, or those through whom they claim, have been possessed of any. part of the land now in contest, for that pe-⅛'
• • Upon the whole we are of opinion the decree of the court below must be affirmed with cost.